**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EUGENE CIRAOLO, | : | **HON. RENÉE MARIE BUMB** |
| Petitioner, | : | Civil Action No. 12-7159 (RMB) |
| v. | : |  |
| JORDAN HOLLINGSWORTH, | : | **OPINION** |
| Respondents. | : |  |

**APPEARANCES:**

    EUGENE CIRAOLO, #14004-067, Petitioner Pro Se
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640

    PAUL A. BLAINE, Assistant United States Attorney
    UNITED STATES ATTORNEY FOR NEW JERSEY
    401 Market Street
    Camden, New Jersey  08101
    Attorney for Respondent

**BUMB**, District Judge:

Eugene Ciraolo filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the date set by the Bureau of Prisons ("BOP") for his pre-release custody placement in a residential re-entry center ("RRC").  The BOP filed an Answer, accompanied by the declarations of Tara Moran and Kenneth Glasser, together with several exhibits.  Petitioner filed a Reply and a motion for a preliminary injunction, and the BOP filed opposition.  For the reasons explained in this Opinion, the Court will dismiss the Petition and deny the motion.

### I.  BACKGROUND

Ciraolo is incarcerated at FCI Fort Dix in New Jersey, serving a 70-month term of imprisonment imposed on April 24, 2008, by the United States District Court for the Middle District of Pennsylvania, after he pled guilty to conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine.  See United States v. Ciraolo, Crim. No. 06-0300 judgment (M.D. Pa. Apr. 25, 2008).  On August 10, 2011, Ciraolo's Unit Team completed a Residential Re-Entry Center Consideration recommending a placement of 60-90 days.  (Dkt. 5-2 at 11.).  On March 15, 2012, the Unit Team re-considered the placement recommendation after receiving documentation showing resolution of state court charges, and completed a Residential Re-Entry Center Re-Consideration recommending a placement of 60-90 days. The form, which was signed by K. Glasser, Unit Manager, shows that the Unit Team considered Ciraolo's 70-month sentence on drug charges, his Pennsylvania conviction, as well as the following:

> He has his GED, and the following work experience:
> General laborer; and tow truck driver.  His
> institutional work experience includes working as a
> Unit Orderly, where he cleans and maintains sanitation
> in the housing unit.  He completed his financial
> obligation to the Court, and the Non-Residential Drug
> Abuse Treatment Program, here at FCI Fort Dix.  He has
> one child to support, although he has not been ordered
> to pay child support.  He claims that he does not have
> a release residence at this time.  He recently
> completed a release preparation program:  Victim
> Impact.  Inmate Ciraolo is a Low Risk inmate; due to
> his minimal criminal history; he has his GED; and he
> has marketable employment skills.  Based on all of the

> above information, the Unit Team deems 60-90 days RRC placement is of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

(Dkt. 5-2 at 14-15.)

On April 2, 2012, Ciraolo submitted a request for administrative remedy to the Warden wherein he requested a 12-month RRC placement.  (Dkt. 5-1 at 12.)  On April 16, 2012, then Warden Zickefoose denied the request.  On April 23, 2012, Ciraolo appealed the Warden's decision to the BOP's Northeast Regional Director, arguing that he should receive six months in a halfway house and six months home in confinement.  (Dkt. 5-1 at 14.)

On April 27, 2012, Warden Zickefoose forwarded an Institutional Referral for RRC Placement form to the Residential Reentry Management Office in Philadelphia, concerning a RRC placement date to begin sometime between February 21, 2013, and March 23, 2013.  Specifically, Warden Zickefoose stated on the form:

> In accordance with the 2nd Chance Act of 2007, the Unit Team has considered need for services of inmate Ciraolo, as well as public safety and the necessity of the Bureau to manage its inmate population.  As a result, we recommend an RRC placement of 60-90 days.  This placement recommendation is of sufficient duration to provide the greatest likelihood of successful reintegration into the community.  He will complete the Institutional Release Preparation Program prior to February 15, 2013.  He will require assistance in securing employment; however, he has a secure residence with his brother.  For placement consideration inmate Ciraolo is classified as a low risk offender.

(Dkt. 5-2 at 17.)

On May 29, 2012, Regional Director J.L. Norwood denied Ciraolo's appeal from the Warden's decision denying his administrative remedy as follows:

> You appeal the decision of the Warden at FCI Fort Dix regarding the recommendation for post incarceration placement.  Specifically, you contend staff did not consider all required factors and made an arbitrary decision to refer you for 60-90 days Residential Reentry Center (RRC) placement.  You request six months RRC and six months Home Confinement.
>
> Placement in an RRC is designed to provide transition for inmates reintegrating into society near the end of their sentences . . . .  Determinations are based on the individual's needs, existing community resources, institutional adjustment, length of sentence, and the need to provide for the safety and security of the general public.  Inmates are also considered under the Second Chance Act, which looks at the resources of the facility, nature and circumstances of the offense, history and characteristics of the inmate, statement of the court imposing the sentence and any pertinent policy statement by the U.S. Sentencing Commission.  In addition, Program Statement 7320.01, <u>Home Confinement</u> states, "All inmates referred to community corrections are eligible to be considered for home confinement."
>
> A review of your appeal reveals you are serving 70 months for CTP and PWITD Excess 500 Grams Cocaine and Marijuana.  You have a May 21, 2013, projected release date and a November 21, 2012, Home Detention Eligibility date.  Your Unit Team considered your individual situation and transitional needs pursuant to the above criteria on August 10, 2011, and again on March 12, 2012.  The Reconsideration for your RRC placement was due to information received regarding previously unresolved state charges.  Based on this review, you were recommended for a 60-90 day RRC placement.  This period was determined to be sufficient to provide you the greatest likelihood of successful reintegration into the community.  Staff are afforded broad discretion in reaching this decision and you present no evidence this discretion was abused.  On April 12, 2012, you advised staff you had secured a residence; however, the plan has yet to be approved by

>   Probation.  You may follow-up with Unit Team for
>   further determination.  Accordingly, your appeal is
>   denied.

(Dkt. 5-1 at 15.)

Ciraolo claims that on June 18, 2012, he handed his Central Office Administrative Remedy Appeal form to prison officials for mailing by certified mail to the BOP's General Counsel in Washington, DC.  Although the BOP denies receiving the appeal, Ciraolo provided the return receipt number of 7011 0470 0003 0271 4100; the United States Post Office's online tracking shows that Ciraolo's appeal was delivered in Washington, DC on June 22, 2012.

On August 27, 2012, Ciraolo's Unit Team completed another Residential Re-Entry Center Re-Consideration form.  (Dkt. 5-2 at 19-20.)  Like the March 15, 2012, re-consideration form, this form is signed by Unit Manager Glasser.  This time, the Unit Team recommended a RRC placement of 150-180 days.  The form notes "that inmate Ciraolo is currently waiting RRC placement for 60-90 days.  However, due to the completion of NRDAP, unit team is requesting 180 days."  Id. at 20.

On October 29, 2012, Ciraolo executed his § 2241 Petition. (Dkt. 1 at 15.)  He seeks an order "enjoining the Respondents to provide Petitioner with up to six to twelve months of a 'residential re-entry center and home detention,' in nexus to the Second Chance Act of 2007."  (Dkt. 1 at 2.)  He argues that the

BOP abused its discretion and failed to render an "individualized assessment," as required by the Second Chance Act in granting only a 90-day RRC placement where "he has an extensive history of drug abuse and recidivism;" the BOP "based Petitioner's RRC placement at the last moment of an idiosyncratic opinion that was 'unbridled' by §§ 3621(c) and 3624(c);" "Respondents did not assess the Petitioner's RRC placement base[d] on § 3621(b)(1)-(5) . . . which demonstrates that the Respondents did not fulfill their 'due process' obligations;" and on August 27, 2012, his Unit Team recommended a RRC placement of 150-180 days.  (Dkt. 1 at 6-10.)

The Warden filed an Answer arguing that the Petition should be dismissed because Ciraolo failed to appeal the denial of administrative relief by the Northeast Regional Director to the BOP's Central Office and the BOP did not abuse its discretion or violate federal law in granting a 90-day placement where the BOP made an individualized assessment that 90 days was sufficient duration to provide the greatest likelihood of successful reintegration into the community.  (Dkt. 5.)

Ciraolo filed a Reply arguing that the Unit team did not render an individualized assessment; the Unit Team's failure to send their re-consideration recommending 180 days to the Warden deprived him of due process; his drug abuse and criminal history render him a high risk of recidivism; he exhausted administrative

remedies by appealing to the Central Office by certified mail; the Unit Team failed to comply with 18 U.S.C. §§ 3621 and 3624(c)(2).  Ciraolo also filed a motion seeking a preliminary injunction directing the Warden to immediately transfer him to a RRC, which the Warden opposes.

## II.  DISCUSSION

A. Jurisdiction

   Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

   This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the legality of his RRC placement by the BOP under federal law, and he was incarcerated in New Jersey at the time he filed the

Petition. See Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005); see also Spencer v. Kemna, 523 U.S. 1 (1998).

B. Exhaustion

Respondents argue that the Petition should be dismissed because Ciraolo has not exhausted the third step of the BOP's Administrative Remedy Program. In support, the BOP offers the declaration of Tara Moran, Legal Assistant at FCI Fort Dix, who avers that she accessed the BOP's computerized index of administrative remedies and found that Ciraolo filed an administrative remedy request with the Warden on April 3, 2012, requesting a 12-month placement; the Warden denied the request on April 16, 2012; Ciraolo appealed to the Regional Director on April 30, 2012; the Regional Director denied the appeal on May 29, 2012; and "Petitioner never filed an appeal with the Central Office." (Dkt. 5-1 at 2.)

In his Reply, Ciraolo states that he appealed the Regional Director's decision dated May 29, 2012, to the BOP's Central Office, he sent the appeal on June 18, 2012, by certified mail, the BOP received the appeal on June 22, 2012, and he did not receive any decision. Ciraolo attached to the Reply his Central Office Administrative Remedy Appeal (BP-11) dated June 18, 2012, as well as the certified mail receipt card with a number. This Court's research confirms that, according to the U.S. Postal

Service, Ciraolo's certified mail (properly addressed to the BOP's General Counsel) was delivered in Washington on June 22, 2012.

Given that the Postal Service records show that the certified mail which Ciraolo states he handed to officials for mailing to the General Counsel on June 18, 2012, was delivered to Washington on June 22, 2012, this Court finds that Ciraolo exhausted the BOP's three step Administrative Remedy Program. Since the General Counsel did not issue a response, this Court also finds that the Regional Director's May 29, 2012, decision denying Ciraolo's appeal constitutes the final administrative decision of the BOP. See 28 C.F.R. § 542.18 (an inmate "may consider the absence of a response to be a denial at that level").

C.   Standard of Review

The Administrative Procedure Act ("APA"), see 5 U.S.C. § 706(2)(a); Lopez v. Davis, 531 U.S. 230, 240 (2001); Edwards v. United States, 41 F.3d 154, 156 (3d Cir. 1994), requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  A reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious.  See C.K. v. N.J. Dep't of Health &

Human Services, 92 F.3d 171, 182 (3d Cir. 1996).  "[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mutual Auto. Ins., 463 U.S. 29, 43 (1983) (citation and internal quotation marks omitted); accord Bowman Transp., Inc. v. Arkansas-Best Freight System, 419 U.S. 281, 285 (1974).  To make the finding that agency action was not arbitrary or capricious, a court must review the administrative record that was before the agency at the time of the decision, and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one.  The Court is not empowered to substitute its judgment for that of the agency."  Overton Park, 401 U.S. at 416.

Reversal of agency action is permitted "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]."  C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

D.  Analysis

Ciraolo complains that this Court should grant habeas relief because, in deciding that he was to receive only 90 days in a RRC, the BOP abused its discretion, failed to consider the required statutory factors, and failed to render an individualized determination.

Under 18 U.S.C. § 3621(b), the BOP has the authority to determine the place of an inmate's imprisonment; this statute sets forth factors to be considered in making placement and transfer determinations.  See Woodall, 432 F.3d at 239.  Section 3621(b) of Title 18 provides:

> (b) Place of imprisonment.-- The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability. . . ., that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence [that articulated the purpose behind the sentence or offered a recommendation for placement] . . .
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or

>   economic status.  The Bureau may at any time, having
>   regard for the same matters, direct the transfer of a
>   prisoner from one penal or correctional facility to
>   another.

18 U.S.C. § 3621(b).

Section 3624(c) of Title 18 governs the BOP's obligation to prepare prisoners for community re-entry or pre-release custody placement in a RRC.  In provides, in relevant part:

>   (1) **In General**.  The Director of the BOP
>   shall, to the extent practicable, ensure that
>   a prisoner serving a term of imprisonment
>   spends a portion of the final months of that
>   term (not to exceed 12 months), under
>   conditions that will afford that prisoner a
>   reasonable opportunity to adjust to and
>   prepare for the reentry of that prisoner into
>   the community.  The authority provided by
>   this subsection may be used to place a
>   prisoner in home confinement . . . .
>
>            *              *              *
>
>   (6) **Issuance of Regulations**.  The Director of
>   the BOP shall issue regulations pursuant to
>   this subsection not later than 90 days after
>   the date of the enactment of the Second
>   Chance Act of 2007, which shall ensure that
>   placement in a community correctional
>   facility by the BOP is
>
>       (A) conducted in a manner consistent
>       with section 3621(b) of this title;
>
>       (B) determined on an individual basis;
>       and
>
>       (C) of sufficient duration to provide
>       the greatest likelihood of successful
>       reintegration into the community.

18 U.S.C. § 3624(c)(1) and (c)(6).

The BOP issued regulations providing that "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22. The regulations specify that inmates may be designated to "community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months," and may be designated to "home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months." 28 C.F.R. § 570.21(a), (b).

Here, Ciraolo argues that in rendering a final decision on May 29, 2012, the BOP failed to consider the required statutory factors, failed to render an individualized determination, and abused its discretion. However, the record establishes that the BOP gave Ciraolo an individual assessment concerning the five factors set forth in § 3621(b) before determining that a 90-day placement was of sufficient duration to provide the greatest likelihood of successful reintegration into the community, as required by § 3624(c)(6)(C). Ciraolo has not shown that the BOP

13

abused its discretion in considering the statutory factors and the requirements of the Second Chance Act.

Ciraolo argues that the BOP improperly designated him as a low risk inmate with regard to RRC placement, when his history of drug abuse and criminal activities warranted a high risk designation. However, neither the relevant statutes nor regulations set forth criteria for determining high or low risks of recidivism. In any event, the March 15, 2012, recommendation considered Ciraolo's federal conviction for conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine and marijuana, his state conviction and sentence, his completion of the Non-Residential Drug Abuse Treatment Program at FCI Fort Dix, as well as his GED and work experience as tow truck driver and laborer. (Dkt. 5-2 at 14-15.) In accepting the 90-day recommendation of the Unit Team, the Warden's April 27, 2012, institutional referral for RRC placement further noted that Ciraolo's presentence investigation report indicated that he "began using illicit drugs in July 2005, until his arrest in 2006." (Dkt. 5-2 at 17.) Both the March 15, 2012, reconsideration and the April 27, 2012, referral by the Warden state that a 90-day RRC placement is of sufficient duration to pro9vide the greatest likelihood of successful reintegration for Ciraolo, as required by the Second Chance Act. This Court

accordingly finds that the BOP considered the appropriate factors and rendered an individualized determination in Ciraolo's case.

Ciraolo further contends that the 90-day placement contained in Warden's April 27, 2012, referral and the Northeast Regional Director's May 29, 2012, final administrative decision violated due process because they were arbitrary and inconsistent with the Unit Team's subsequent recommendation on August 27, 2012, that a placement of 150-180 days was warranted. However, when ratifying the 90-day RRC placement, neither the Warden nor the Northeast Regional Director had the later issued re-consideration wherein the Unit Team recommended an increase from 90 to 180 days. Ciraolo argues that, after recommending an increase on August 27, 2012, the Unit Team improperly failed to forward this re-consideration to the Warden or the Warden improperly failed to consider it. But Mr. Glasser's declaration explains why the 180-day recommendation was not adopted by the Warden:

> As this re-consideration was being reviewed for institutional referral, a mistake was found with respect to the Unit Team's rationale for increasing placement. Specifically, Unit Team relied on his completion of the [non-residential drug abuse program] to increase his placement recommendation from 60-90 days; however, it was discovered that staff had previously considered that factor when making the August 10, 2011 and March 15, 2012 recommendations. Therefore, there was no change in Petitioner's status, and no need for additional RRC placement.

(Dkt. 5-2 at 5-6.)

15

Given this explanation, the inconsistency vanishes.[1] Moreover, Ciraolo did not pursue administrative relief challenging the Warden's failure to adopt the 180-day placement recommendation dated August 27, 2012.  This failure to exhaust is fatal to his claim that the 90-day placement is arbitrary because it is  inconsistent with the August 27, 2012, recommendation.  See Vasquez, 684 F.3d at 434 ("Exhaustion was required in [prisoner's challenge to the BOP's failure to provide him with a longer RRC placement], and Vasquez's habeas corpus petition properly was dismissed for failing to exhaust administrative remedies").

Based on the foregoing, this Court finds that the failure to give Ciraolo more than a 90-day RRC placement did not violate the Constitution, laws or treaties of the United States, and was not an abuse of discretion.  This Court will dismiss the § 2241 Petition and deny the motion for a preliminary injunction.

---

[1] Ciraolo states in his regional administrative remedy appeal that he completed the drug program on May 31, 2011.  (Dkt. 5-1 at 14.)  The Unit Team's recommendations dated August 10, 2011, and March 15, 2012, expressly considered his completion of the drug program.  (Dkt. 5-2 at 12 and 15.)

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus and denies Petitioner's motion for a preliminary injunction.

s/Renée Marie Bumb
**MARIE RENÉE BUMB**
United States District Judge

DATE: January 23, 2013